ACCEPTED
12-14-00015-CV
TWELFTH COURT OF APPEALS
TYLER, TEXAS
3/13/2015 12:03:55 PM
CATHY LUSK
CLERK

No. 12-14-00015-CV

In the

Twelfth Court of Appeals

Tyler, Texas

FILED IN
12th COURT OF APPEALS
TYLER, TEXAS
3/13/2015 12:03:55 PM
CATHY S. LUSK
Clerk

**In re Max B. Hanson, Relator**

---

**Reply Supporting Motion to Enforce Decision**

---

Max Hanson objects to the trial court's tardy request for an extension of time (made *after* violating this Court's order). The Hansons' income-tax returns are due April 15. An extension to April 6---for simply signing the decree this Court has ordered---is unreasonable, shows inadequate respect to this Court's orders, and frustrates the parties' attempts to comply with federal deadlines.

This Court ruled on Friday, February 27, beginning a 10-day period for the trial court to act. This was more than adequate. The trial court and opposing counsel had Max's correspondence, his motion for entry of judgment, and his two proposed decrees all by March 5. The entry of a divorce decree could have

occurred on this Court's timetable, if anyone except Max had been interested in getting a final decree.

Worse, the March 31 hearing date that the trial court relies on was set on February 24---*before* this Court's mandamus ruling. (*See* Exhibit 1). For the trial court to insist on keeping that hearing date is to ignore this Court's mandamus decision---just so the trial court may go about its business as usual. This is unacceptable. It contradicts the hierarchy existing between lower and higher courts. Compliance with this Court's solemn mandamus directive should take some sort of precedence.

The exhibits attached to the proposed divorce decree (which the decree orders each party to execute) have been the same since June of 2013, and were argued to the trial court back in September of that year. Not one change in these exhibits has been requested, because they follow the MSA. There is no controversy about the property awarded each spouse. The schedules attached to the MSA match the schedules attached to the proposed Decree. The only problem or "issue" (a matter of penalties and interest) results from Marie's recalcitrance: she failed to file an income tax return as she agreed to do. If the trial court will be made to enter judgment, Marie will either be ordered to perform or give Max the opportunity to file his income tax return.

Had Marie filed the tax returns timely, Max could have deducted her share of the taxes from monies otherwise owed to her. He could hold the money. The

divorce decree orders $32,500 in escrow to be paid to him. This allows Hanson to file and pay the taxes, penalties and interest "per the MSA," which he could have done had she filed tax returns as agreed. But since she did not do so, taxes and penalties have been accruing for both parties. If this continues, Marie will be financially incapable to respond adequately in damages---meaning Max will incur irreparable harm.

Basically, there is no issue about any aspect of the documents presented, save and except the issue of ongoing tax penalties and interest that Marie created by failing to file tax returns. Max signed the deed to Marie's property in Texas on June 4, 2013, (*See* Exhibit E to the Final Decree of Divorce) and he has asked Marie to sign the deed to his Canadian property---but she has not yet done so. As a result, Max has been prevented from mortgaging the property, selling the property, or doing anything else with it since he does not have clear title.

Respectfully, the trial court is in contempt of this Honorable Court's mandamus ruling. He should be directed to immediately comply---which he may do by simply signing the decree previously submitted to him on March 5.

Respectfully submitted,

_____/s/ Greg Smith_____
GREG SMITH
Bar No. 18600600
NOLAN SMITH
Bar No. 24075632
RAMEY & FLOCK, P.C.

100 East Ferguson, Suite 500
Tyler, TX 75702
Telephone: (903) 597-3301
Facsimile: (903) 597-2413
gsmith@rameyflock.com
nolan@rameyflock.com

Jerry Bain
Bar No. 01548000
BAIN, FILES, JARRETT,
  BAIN & HARRISON, PC
109 West Ferguson
Tyler, TX 75702
Telephone: (903) 595-3573
Facsimile: (903) 597-7322
jbain@bain-files.com

ATTORNEYS FOR RELATOR
MAX B. HANSON

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing instrument was served upon the following in accordance with the applicable Rules of Civil Procedure on this the 13th day of March, 2015.

**Via email – jacassels@consolidated.net**
Jimmy A. Cassels
Cassels & Reynolds, L.L.P.
117 E. Lufkin Ave.
Lufkin, TX 75901

**Via email – binselmann@angelinacounty.net**
Hon. Robert K. Inselmann, Jr.
217th District Court
P. O. Box 908
Lufkin, TX 75902-0908

_/s/ Greg Smith_
GREG SMITH

## CASSELS & REYNOLDS, L.L.P.
Attorneys at Law
117 E. Lufkin Ave.
P. O. Box 1626
Lufkin, Texas 75902-1626
Telephone: (936) 634-8466
FAX (936) 639-1939
EMAIL: jacassels@consolidated.net

Jimmy A. Cassels, P.C.                                                                    Janet R. Cassels

February 24, 2015

Robin Lowe, Court Coordinator
217th Judicial District Court
Angelina County Texas
Angelina County Courthouse
Lufkin, Texas 75901

RE:   Cause No. DV-00731-12-01; In the Matter of the Marriage of Marie-Claude L. Hanson and
      Max B. Hanson and In the Interest of Tell Arbour Hanson, a Child

Dear Robin:

I am in receipt of the Notice of Reconsideration Hearing set for March 9th, 2015 beginning at 10:30
a.m.

I have a vacation letter on file and will be out of town beginning Monday, March 9th, 2015 through
Monday, March 16, 2015.

If at all possible I ask that you please reset for another date.

Thank you for your assistance in this matter.

Respectfully yours,

Jimmy A. Cassels
Attorney at Law
JAC/jld

cc:   Mr. Jerry Bain                          Via Fax (903) 597-7322
      Attorney at Law

      Greg Smith                              Via Fax (903) 597-2413
      Attorney at Law

★ *This case has been moved to march 31st @ 2:00 please call me if you have any prior commitmen on this day.*

Robin Lowe

Special Warranty Deed

Notice of confidentiality rights:  If you are a natural person, you may remove or strike any or all of the following information from any instrument that transfers an interest in real property before it is filed for record in the public records:  your Social Security number or your driver's license number.

Date:        June 14, 2013,

Grantor:  MAX B.HANSON

Grantor's Mailing Address:
Box 1119
Redwater, Alberta
Canada, T0A2W0

Grantee:  MARIE-CLAUDE L.HANSON

Grantee's Mailing Address:
14060 W. Hwy. 103
Pollok, Texas, 75969
Angelina County

Consideration:

The division of property in Cause No. DV-00731-12-01, styled "In the Matter of the Marriage of Marie-Claude L. Hanson and Max B. Hanson; and In the Interest of Tell Arbour Hanson, a child," entered in County Court at Law Number One of Angelina County, Texas, and ten dollars and other valuable consideration paid by Grantee, and Grantee's assumption of the unpaid principal and earned interest on the note in the original principal sum of One Hundred Fifty Thousand dollars ($150,000.00) dated October 26, 2007, executed by MARIE-CLAUDE L.HANSON and MAX B.HANSON, and payable to the order of Commercial Bank of Texas, N.A..

The note is secured by a vendor's lien retained in a deed dated October 26, 2007, from Commercial Bank of Texas, N.A. to MARIE-CLAUDE L.HANSON and MAX B.HANSON, and additionally secured by a deed of trust dated October 26, 2007, from MARIE-CLAUDE L.HANSON and MAX B.HANSON to Thomas W. Ellison, Trustee, recorded in Document Number 2007-00236563, of

EXHIBIT "E"

the official public records of real property of Angelina County, Texas. Grantee agrees to indemnify and hold Grantor harmless from payment of the note and from performance of Grantor's obligations specified in the instruments securing payment of the note. Grantor assigns to Grantee the casualty insurance policy on the property, all utility deposits for utility service at the property, and all funds held in escrow for payment of taxes and insurance premiums.

**Property (including any improvements):**

SEE EXHIBIT "A" WHICH IS ATTACHED HERETO AND INFORPORATED HEREIN AS IF COPIED VERBATIM.

**Reservations from Conveyance and Exceptions to Conveyance and Warranty:**

This deed is subject to all easements, restrictions, conditions, covenants, and other instruments of record.

Grantor, for the consideration and subject to the reservations from conveyance and exceptions to conveyance and warranty, grants, sells, and conveys to Grantee all of Grantor's interest in the property, together with all and singular the rights and appurtenances thereto in any way belonging, to have and hold it to Grantee and Grantee's heirs, successors, and assigns forever. Grantor binds Grantor and Grantor's heirs and successors to warrant and forever defend all and singular the property to Grantee and Grantee's heirs, successors, and assigns against every person whomsoever lawfully claiming or to claim the same or any part thereof when the claim is by, through, or under Grantor but not otherwise, except as to the reservations from conveyance and exceptions to conveyance and warranty.

When the context requires, singular nouns and pronouns include the plural.

Grantee assumes all ad valorem taxes due on the property for the current year.

MAX B.HANSON

*This instrument was prepared based on information furnished by the parties, and no independent title search has been made.*

PROVINCE ALBERTA
STATE OF TEXAS                    §        Jordan T. Henrie
                                           Barrister & Solicitor

COUNTY OF ANGELINA                §
              LETHBRIDGE

This instrument was acknowledged before me on JUNE 14 2013          by

MAX B.HANSON.

Notary Public, State of Texas
Province of ALBERTA, CANADA.

Jordan T. Henrie
Barrister & Solicitor

PREPARED IN THE OFFICE OF:

CASSELS & REYNOLDS, LLP
117 E. Lufkin Avenue
Lufkin, TX 75901
Tel: (936) 634-8466
Fax: (936) 639-1939

BEING all that certain tract or parcel of land lying and situated in Angelina County, Texas, out of the ELISHA PRICE SURVEY, ABSTRACT NO. 505 and being all of that certain 19.94 acre tract described in a deed from Byron Smith, Trustee for the Paige Alexander Trust to Don Burdette dated September 24, 1993 and recorded in Volume 935 on Page 658 of the Deed Records of Angelina County, Texas, to which reference is hereby made for any and all purposes and the said tract or parcel being described by metes and bounds as follows, to-wit:

BEGINNING at the Northwest corner of the aforesaid referred to 19.94 acre tract and the Northeast corner of that certain 5.00 acre tract described in a deed from Logan Finch, et ux to Don Burdette, et ux dated July 16, 1997 and recorded in Volume 1114 on Page 133 of the Deed Records of Angelina County, Texas, a ½" pipe set for corner (where a ½" pipe was found in March 1997) in the South boundary line of that certain 21.54 acre tract (28.37 acres save and except 2.35 acres and 4.48 acres) described in a deed from Brooks Williams, et al to Mavis Jane Williams Evans dated January 30, 1983 and recorded in Volume 540 on Page 377 of the Deed Records of Angelina County, Texas, said pipe being approximately 1 feet South of a fence.

THENCE S 88° 48' 03" E (called S 88° 57' 53" E) with the North boundary line of the said 19.94 acre tract and the South boundary line of the said 21.54 acre tract, at 1173.00 feet (called 1172.99 feet) the Northeast corner of the said 19.94 acre tract and the Northwest corner of that certain 15.000 acre tract described as Tract Four in a deed from Charles T. Metts, et ux to Thomas B. Fenley, et ux dated November 17, 1989 and recorded in Volume 783 on Page 563 of the Deed Records of Angelina County, Texas, a ½" pipe found for corner witnessed by a fence corner bearing S 55° E 2.7 feet, a fence corner bearing S 12° E 5.1 feet, a fence corner bearing S 15° W 6.2 feet, a fence corner bearing S 14° W 12.8 feet, and an Axle found for a corner of the said 15.000 acre tract and the Southeast corner of the said 21.54 acre tract bearing S 88° 57' 26" E 334.30 feet.

THENCE S 12° 17' 13" W (called S 12° 07' 34" W) with the East boundary line of the said 19.94 acre tract and the West boundary line of the said 15.000 acre tract, at 814.71 feet (called 814.74 feet) the Southeast corner of the said 19.94 acre tract and the Southwest corner of the said 15.000 acre tract, a ½" rod found for corner in the North right-of-way line of State Highway No. 103 (120 feet right-of-way), said pipe witnessed by a concrete right-of-way monument bearing S 87° 13' 01" E 778.47 feet and a fence corner bearing N 14° 26.9 feet;

THENCE N 87° 14' 01" W (called N 87° 13' 36" W) with the South boundary line of the said 19.94 acre tract and the North right-of-way line of the said State Highway No. 103, at 115.88 feet pass on line a concrete right-of-way monument, at 1038.30 feet (called 1039.40 feet) the Southwest corner of the said 19.94 acre tract and the Southeast corner of the aforesaid 5.00 acre tract a ½" pipe found for corner, said pipe witnessed by a ½" pipe found for a Southwest corner of the said 5.00 acre tract being N 87° 14' 01" W 134.24 feet and a concrete right-of-way monument bearing N 87° 14' 01" W 782.06 feet;

THENCE N 02° 47' 16" E (called N 02° 43' 53" E) with the West boundary line of the said 19.94 acre tract and the East boundary line of the said 5.00 acre tract, at 2.5 feet cross a fence, at 771.41 feet (called 768.94 feet) the point and place of beginning and containing 19.96 acres of land, more or less.

Basis of Bearings: The South boundary line of that certain 5.00 acre tract described in a deed from Logan Finch, et ux to Don Burdette, et ux dated July 16, 1997 and recorded in Volume 1114 on Page 133 of the Deed Records of Angelina County, Texas (deed call - N 87° 14' 01" W 134.24 - found ½" pipes 134.24 feet apart)

Exhibit A Legal Description (Short)

Rev 7-03




SURVEY, ABSTRACT NO. 503, and being a part or portion of that certain 7.85 acre tract described in a Contract of Sale and Purchase from the Veterans Land Board of Texas to Logan B. Finch, dated February 11, 1993 and recorded in Volume 907 on Page 157 of the Real Property Records of Angelina County, Texas, to which reference is hereby made for any and all purposes and the said tract or parcel of land being described by metes and bounds as follows, to-wit:

BEGINNING at the Northwest corner of the aforesaid referred to 7.85 acre tract and the Northeast corner of that certain 2.636 acre tract described in a deed from Tom Panley and Charles T. Hetts to Sand Flat Cemetery Association dated April 30, 1976 and recorded in Volume 442, Page 692 of the Deed Records of Angelina County, Texas, a 1/2" pipe found for corner at a fence corner in the South boundary line of that certain tract described in a deed from Brooks Williams et al to Mavis Jane Williams Evans dated January 30, 1983 and recorded in Volume 540, Page 377 of the Deed Records of Angelina County, Texas;

THENCE S 88 deg. 55' 39" E with the North boundary line of the said 7.85 acre tract and the South boundary line of the said Evans tract, at 459.94 feet the Northeast corner of the said 7.85 acre tract and the Northwest corner of that certain 19.94 acre tract described in a deed from Byron Smith, Trustee for the Paige Alexander Trust to Don Burdette dated September 24, 1993 and recorded in Volume 935 on Page 658 of the Real Property Records of Angelina County, Texas, a 1/2" pipe found for corner at a fence corner;

THENCE S 02 deg. 47' 16" W with the East boundary line of the said 7.85 acre tract and the West boundary line of the said 19.94 acre tract, at 771.41 feet the Southeast corner of the said 7.85 acre tract and the Southwest corner of the said 19.94 acre tract, a 1/2" pipe found for corner in the North right-of-way line of State Highway No. 103 (120 feet right-of-way), said pipe witnessed by a 1/2" pipe (at a fence corner) bearing N 30 deg. W 2.8 feet;

THENCE N 87 deg. 14' 01" W with the South boundary line of the said 7.85 acre tract and the North right-of-way line of the said State Highway No. 103, at 134.24 feet a 1/2" pipe set for corner, said pipe being S 87 deg. 14' 07" E 300.00 feet from the Southwest corner of the said 7.85 acre tract, said pipe being approximately 3 feet South of a fence;

THENCE N 00 deg. 51' 39" E 413.75 feet, a 1/2" pipe set for corner;

THENCE N 87 deg. 14' 01" W, at 300.00 feet intersect the West boundary line of the said 7.85 acre tract and the East boundary line of the aforesaid 2.636 acre tract, a 1/2" pipe set for corner, said pipe being N 00 deg. 51' 39" E 413.75 feet from the Southwest corner of the said 7.85 acre tract;

THENCE N 00 deg. 51' 39" E with the West boundary line of the said 7.85 acre tract and the East boundary line of the said 2.636 acre tract, at 344.48 feet the point and place of beginning and containing 5.00 acres of land, more or less.

Basis of bearings:  The North boundary line of the aforesaid 7.85 acre tract (Deed call S 88 deg. 55' 39" E).

Rev 1/93